**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESUS MARTINEZ GOMEZ,

      Plaintiff,

v.                                  Case No. _____

DONALD BLAKELEY and
MARKET EXPRESS, LLC,

      Defendants.

**<u>NOTICE OF REMOVAL</u>**

      Defendants Market Express, LLC, and Donald Blakeley, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and the applicable Local Rules of the United States District Court for the District of New Mexico, hereby remove the above-captioned civil action from the Thirteenth Judicial District Court of the State of New Mexico, Cibola County, to the United States District Court for the District of New Mexico.  In support thereof, Defendants state as follows:

**I.   PROCEDURAL HISTORY**

      1.  Plaintiff Jesus Martinez Gomez ("Gomez") commenced a civil action against Defendants in the Thirteenth Judicial District Court, County of Cibola, State of New Mexico, captioned Jesus Martinez Gomez v. Donald Blakeley and Market Express, LLC, Cause No. D-1333-CV-2022-00090. *See* Complaint, attached hereto as *Exhibit A*.

      2.  Defendant Market Express, LLC was served with the Complaint on June 14, 2022. *See* Court Docket, attached as *Exhibit B*.

      3.  No other defendant has been served with the Complaint.

4. The Notice of Removal has been filed in accordance with 28 U.S.C. §§1441(b) and 1446.

## II.   TIMELINESS OF REMOVAL

5. This Notice of Removal is filed within 30 days of Defendant Market Express, LLC's receipt of service upon it.

6. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Moreover, the matter has been pending for less than one year.

7. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely.

## III.   BASIS FOR REMOVAL

8. Removal of this case is proper under 28 U.S.C. §1441 and 28 U.S.C. §1332, because complete diversity of citizenship exists between the Plaintiff and Defendants and based upon assertions in the Complaint and a demand issued by Plaintiff, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

### A.  Diversity of Citizenship

**The Parties in this Action are Citizens of Different States.**

9. For diversity purposes, a person is a "citizen" of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10. Plaintiff is a resident of Orange County, Florida.   (*See Exhibit A* at ¶ 9). Accordingly, Plaintiff is also a citizen of the State of Florida.

11. Defendant Donald Blakeley is a resident of Henderson, Nevada. (*See Exhibit A* at ¶ 12). Accordingly, he is also a citizen of the State of Nevada.

12. Defendant Market Express, LLC is a limited liability company formed under the laws of Oregon, with its headquarters located in Portland, Oregon. An LLC is deemed to be a citizen of the state where each of its members resides. No member of Market Express, LLC is a resident or citizen of New Mexico. Accordingly, Defendant Market Express, LLC can be considered a citizen of Oregon. For purposes of removal jurisdiction, Defendant Market Express, LLC is not a citizen of New Mexico.

13. Based upon the foregoing, for purposes of removal jurisdiction, complete diversity exists between Plaintiff and Defendants.

**B. Value of Matter in Controversy**

14. Under 28 U.S.C. §1441(a), "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Tenth Circuit has clarified this standard by stating that the removing Defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play…[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955 (emphasis in original). The Tenth Circuit has noted, however, that a Plaintiff cannot avoid removal merely by not alleging the jurisdictional amount, as such a practice/policy would frustrate the purpose of diversity jurisdiction, "which is, after all, to protect the out- of-state Defendant." *McPhail*, 529 F.3d at 955.

15. To determine whether the amount in controversy requirement is met, a court may aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed

penalties, if any, but not interest or costs. *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, *3 (Jan. 17, 2008).

16. A removing Defendant may satisfy its burden by proving jurisdictional facts that make it possible that more than $75,000 is at issue by "rely[ing] on an estimate of the potential damages from the allegations in the complaint." *Id.* In doing this, the Defendant may specify the numerical value of the damage or may not and just allege that the amount in controversy exceeds $75,000 by setting out the specific factual allegations supporting that conclusion. *Id.* at 956 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) (stating that courts may consider the substance and nature of the injuries and damages described in the pleadings and finding significant value in Plaintiff's claims where complaint alleged "severe injuries" and "permanent impairment").

17. The Complaint, pursuant to the New Mexico Rules of Civil Procedure, contains no allegations for damages in a specific monetary amount. The Complaint, however, alleges Plaintiff is entitled to compensatory damages for the following categories: bodily injury, pain and suffering, impairment, disability, disfigurement, mental anguish, loss of enjoyment of life, aggravation of disease or physical defect, inconvenience, medical expenses, loss of earning, and loss of ability to earn money, with damages that are ongoing. *See Exhibit A,* ¶¶ 23, 29, 38 and Prayer for Relief.

18. Although Defendants do not admit Plaintiff has been damaged in any amount by any act or omission of either Defendant, based on the damage allegations in the Complaint as well as the demand issued by Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

19. Thus, pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter, in that the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

## IV.   NOTICE OF ADVERSE PARTY AND STATE COURT

20. Defendants, upon filing this Notice of Removal, are filing a copy of this Notice of Removal with the District Clerk of the Thirteenth Judicial District Court in the State of New Mexico, Cibola County, in accordance with 28 U.S.C. §1446(d).  A copy of the Notice of Filing of Notice of Removal is attached as *Exhibit C.*

21. Pursuant to by 28 U.S.C. Section §1446(d), written notice of removal is being served on counsel of record.

## V. FILINGS FROM STATE COURT DOCKET

22. Pursuant to D.N.M. LR-CIV 81.1(a) of the Local Civil Rules of the United States District Court for the District of New Mexico, legible copies of records and proceedings from the state court action are being filed herewith.

Defendants reserve, preserve, and do not waive, any and all defenses they may have to Plaintiff's Complaint, including without limitation, insufficiency of process, insufficiency of service of process, lack of jurisdiction over the person and failure to join necessary and indispensable parties.

WHEREFORE, Defendants respectfully request that this case be entered upon the docket of the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,


BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
P.O. Box 3170
Albuquerque, New Mexico 87190
Telephone: (505) 884-0777
Facsimile: (505) 889-8870
mrgarcia@btblaw.com
*Attorneys for Defendants*
*Donald Blakeley and Market Express, LLC*


I HEREBY CERTIFY that on the 14th day of
July 2022, I filed the foregoing electronically
through the CM/ECF filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

Nicholas A. Norden – nnorden@nordenleacox.com
*Attorneys for Plaintiff*


/s/ *Monica R. Garcia*
Monica R. Garcia

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1. (a) PLAINTIFFS**
JESUS MARTINEZ GOMEZ

(b) County of Residence of First Listed Plaintiff:  ORANGE COUNTY (FL)

(EXCEPT IN  U.S. PLAINTIFF CASES)

**DEFENDANTS** DONALD BLAKELEY, MARKET EXPRESS, LLC
County of Residence of First Listed Defendant: CLARK COUNTY (NV)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c)  ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nicholas A. Norden, Esq.
Norden Leacox, PLLC
964 Lake Baldwin Lane, Suite 200
Orlando, FL 32814
Phone: 407-801-3000
nnorden@nordenleacox.com

Butt Thornton & Baehr, P.C.
Monica R. Garcia, Esq.
4101 Indian School Rd. N.E. #300
Albuquerque, NM  87110
Telephone: 505- 884-0777
mrgarcia@btblaw.com

**II.  BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 4   Diversity
(Indicate Citizenship of parties
in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE
BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUITE (PLACE AN "X" IN ONE BOX ONLY)**

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110  Insurance | **PERSONAL INJURY** | ☐ 610  Agriculture | ☐ 422  Appeal 28 USC 158 | ☐ 400  State Reapportionment |
| ☐ 120  Marine | ☐ 310  Airplane | ☐ 620  Other Food & Drug | ☐ 423  Withdrawal | ☐ 410  Antitrust |
| ☐ 130  Miller Act | ☐ 315  Airplane Product | **PERSONAL INJURY** | ☐ 625  Drug Related Seizure | 28 USC 157 | ☐ 430  Banks and Banking |
| ☐ 140  Negotiable Instrument | Liability | ☐ 362  Personal Injury – Med. | of Property 21 USC | | ☐ 450  Commerce/ICC Rates/etc. |
| ☐ 150  Recovery of Overpayment | ☐ 320  Assault Libel & | Malpractice | 881 | **PROPERTY RIGHTS** | ☐ 460  Deportation |
| & Enforcement of | Slander | ☐ 365  Personal Injury – | ☐ 630  Liquor Laws | ☐ 820  Copyrights | ☐ 470  Racketeer Influenced and |
| Judgment | ☐ 330  Federal Employers | Product Liability | ☐ 640  R.R. & Truck | ☐ 830  Patent | Corrupt Organizations |
| ☐ 151  Medicare Act | Liability | ☐ 368  Asbestos Personal | ☐ 650  Airline Regs. | ☐ 840  Trademark | ☐ 480  Consumer Credit |
| ☐ 152  Recovery of Defaulted | ☐ 340  Marine | Injury Product Liability | ☐ 660  Occupational | | ☐ 480  Cable/Sat TV |
| Student Loans | ☐ 345  Marine Product | | Safety/Heath | | ☐ 810  Selective Service |
| (Excl. Veterans) | Liability | **PERSONAL PROPERTY** | ☐ 690  Other | | ☐ 850  Securities/Commodities/ |
| ☐ 153  Recovery of Overpayment | ☒ 350  Motor Vehicle | ☐ 370  Other Fraud | | | Exchange |
| of Veteran's Benefits | ☐ 355  Motor Vehicle | ☐ 371  Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875  Customer Challenge |
| ☐ 160  Stockholders Suits | Product Liability | ☐ 380  Other Personal | ☐ 710  Fair Labor Standards | ☐ 861  HIA (1395 ff) | 12 USC 3410 |
| ☐ 190  Other Contract | ☐ 360  Other Personal Injury | Property Damage | Act | ☐ 862  Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195  Contract Product Liability | | ☐ 385  Property Damage | ☐ 720  Labor/Mgmt Relations | ☐ 863  DIW C/DIW W | ☐ 891  Agricultural Acts |
| ☐ 196  Franchise | | Product Liability | ☐ 730  Labor/Mgmt Reporting | (405(g)) | ☐ 892  Economic Stabilization |
| | | | & Disclosure Act | ☐ 864  SSID Title XVI | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740  Railway Labor Act | ☐ 865  RSI (405(g)) | ☐ 893  Environmental Matters |
| ☐ 210  Land Condemnation | ☐ 441  Voting | ☐ 510  Motions to Vacate | 790  Other Labor Litigation | | ☐ 894  Energy Allocation Act |
| ☐ 220  Foreclosure | ☐ 442  Employment | Sentence | ☐ 791  Empl Ret Inc. | **FEDERAL TAX SUITS** | ☐ 895  Freedom of Information |
| ☐ 230  Rent Lease & | ☐ 443  Housings | **HABEAS CORPUS:** | Security Act | ☐ 870  Taxes (U.S. Plaintiff | Act |
| Ejectment | Accommodations | ☐ 530  General | | or Defendant) | ☐ 900  Appeal of Fee Determination |
| ☐ 240  Torts to Land | ☐ 444  Welfare | ☐ 535  Death Penalty | | ☐ 871  IRS – Third Party | Under Equal Access to |
| ☐ 245  Tort Product Liability | 440  Other Civil Rights | ☐ 540  Mandamus & Other | | 26 USC 7609 | Justice |
| ☐ 290  All other Real Property | | ☐ 550  Civil Rights | | | ☐ 950  Constitutionality of |
| | | ☐ 555  Prison Condition | | | State Statutes |

**V.  ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. (**Do not cite jurisdictional statutes unless diversity.**):
28 U.S.C. §1441 and 28 U.S.C. §1332
Brief description of cause: personal injuries and damages arising from motor vehicle accident

**VII. REQUESTED IN
COMPLAINT:**
☐   CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in Complaint
JURY DEMAND: YES  ☐    NO  X

**VIII.  RELATED CASES(S)
IF ANY**   (See instructions)
JUDGE_____   DOCKET NUMBER_____

DATE
July 14, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Monica R. Garcia

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
5/18/2022 6:03 PM
Toinette Garcia
CLERK OF THE COURT
Cindy J Edwards

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

vs.                     No.  D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

     Defendants.

_____/

## COMPLAINT FOR NEGLIGENCE, AND PERSONAL INJURIES

COMES NOW, Plaintiff, JESUS MARTINEZ GOMEZ, by and through her undersigned counsel, and sues Defendants, DONALD BLAKELEY and MARKET EXPRESS, LLC, and states as follows:

### INTRODUCTION

1.     This is an action for negligence.

2.     This action arises from a motor vehicle crash which occurred in the early morning hours of November 5, 2020 in Milan, County of Cibola, New Mexico.

3.     While operating a tractor trailer owned, maintained and/or controlled by DONALD BLAKELEY, and while in the course and scope of his employment with, and/or hauling goods on behalf of, Defendant, MARKET EXPRESS, LLC, Defendant, DONALD BLAKELEY, caused a collision with Plaintiff's, JESUS MARTINEZ GOMEZ, vehicle. As a result of Defendant's, DONALD BLAKELEY, negligent operation of the tractor trailer, Plaintiff suffered permanent injuries.

4.     Defendant, DONALD BLAKELEY, is directly liable for Plaintiff's damages.

**EXHIBIT A**

5.      Defendant, MARKET EXPRESS, LLC, is directly and vicariously liable for Plaintiff's damages.

## JURISDICTION AND VENUE

6.      Defendant, DONALD BLAKELEY, is amenable to jurisdiction in Cibola County, New Mexico as he committed a tort there.

7.      Defendant, MARKET EXPRESS, LLC, is amenable to jurisdiction in Cibola County, New Mexico as it is an Oregon profit corporation regularly conducting business in Cibola County, New Mexico and its agent and/or employee committed a tort there.

8.      Venue is proper in Cibola County, New Mexico, as the motor vehicle accident from which this cause of action arises occurred in Cibola County, New Mexico.

## PARTIES

9.      Plaintiff, JESUS MARTINEZ GOMEZ, was at all times material hereto, a resident of Orange County, Florida, who is over the age of eighteen (18) and is sui juris in all respects.

10.     Upon information and belief Defendant, MARKET EXPRESS, LLC, was, at all times material hereto, an Oregon Limited Liability Company regularly conducting business in Cibola County, New Mexico and its agent and/or employee committed a tort there.

11.     Upon information and belief, Defendant, DONALD BLAKELEY, is an owner-operator and/or employee of Defendant, MARKET EXPRESS, LLC, and regularly performs business on behalf of Defendant, MARKET EXPRESS, LLC.

12.     Upon information and belief, Defendant, DONALD BLAKELEY, is a resident of Henderson, State of Nevada.

**EXHIBIT A**

13.     Upon information and belief, Defendant, MARKET EXPRESS, LLC, was, at all times material hereto, an Oregon Limited Liability Company engaged in the freight business throughout Florida and nationwide.

## GENERAL ALLEGATIONS

14.     This Court has jurisdiction over all parties and matters herein.

15.     At all material times hereto, Defendant, DONALD BLAKELEY, was the operator of a 2019 Freightliner tractor trailer bearing the Oregon license plate number YAIW751 and bearing its United States Department of Transportation Number 2885047 ("the subject vehicle"). The subject tractor trailer was an instrumentality that is peculiarly dangerous in its operation.

16.     At all times material hereto, DONALD BLAKELEY, owned, maintained and/or controlled the subject tractor trailer and was operating the vehicle with the permission and consent of Defendant, MARKET EXPRESS, LLC. The subject tractor trailer was an instrumentality that is peculiarly dangerous in its operation.

17.     At all times material hereto, the subject tractor trailer was being used for the purpose of business at the direction of MARKET EXPRESS, LLC, on Defendant's, MARKET EXPRESS, LLC, behalf, and under the motor carrier authority granted to MARKET EXPRESS, LLC, by the Federal Motor Carrier Safety Administration, a division of the United States Department of Transportation. The subject tractor trailer was an instrumentality that is peculiarly dangerous in its operation.

18.     On or about November 5, 2020, and at all times material hereto, Defendant, DONALD BLAKELEY, and MARKET EXPRESS, LLC, owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the subject tractor trailer for the benefit of other individuals on the public roadways.

**EXHIBIT A**

19.     On or about November 5, 2020, Plaintiff, JESUS MARTINEZ GOMEZ, was a restrained driver traveling westbound I-40 near milepost 78 in City of Milan, County of Cibola, State of New Mexico.

20.     On or about November 5, 2020, Defendant, DONALD BLAKELEY, operated a motor vehicle traveling westbound on I-40 near milepost 78 in City of Milan, County of Cibola, State of New Mexico.

21.     At that time and place Defendant, DONALD BLAKELEY, negligently operated the subject tractor trailer, failed to observe his surroundings, and due to inattention failed to maintain control of his vehicle and, struck the Plaintiff's, JESUS MARTINEZ GOMEZ, motor vehicle.

22.     Plaintiff's vehicle sustained substantial damage.

23.     As a direct and proximate result of the foregoing negligence, Plaintiff, JESUS MARTINEZ GOMEZ, suffered bodily injury and resulting pain and suffering, impairment, disability, physical impairment, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of disease or physical defect, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The injuries to the Plaintiff are permanent within a reasonable degree of medical probability and the Plaintiff will continue to suffer the losses in the future.

## COUNT I
## NEGLIGENCE CLAIM AND NEGLIGENCE PER SE CLAIM AGAINST DEFENDANT, DONALD BLAKELEY

24.     Plaintiff, JESUS MARTINEZ GOMEZ, hereby readopts, realleges and incorporates the allegations set forth in paragraphs one (1) through twenty-three (23) of the Complaint as if fully set forth herein.

25.     On November 5, 2020, and at all times material hereto, Defendant, DONALD BLAKELEY, was in possession, custody and control of the subject tractor trailer.

**EXHIBIT A**

26.   At all times material hereto, Defendant, DONALD BLAKELEY, owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the subject tractor trailer for the benefit of other individuals on the public roadways, including the Plaintiff.

27.   At all times material hereto, DONALD BLAKELEY, breached his duty of care to other individuals on the above-described public roadway, and in particular to Plaintiff, as he was negligent and careless in the ownership, operation, and/or maintenance, and/or use of the subject tractor trailer.

28.   Defendant, DONALD BLAKELEY, was negligent in his:

a.   Failure to operate the subject tractor trailer in a safe and reasonable manner;

b.   Failure to operate the subject tractor trailer in compliance with state and local traffic laws;

c.   Failure to keep an adequate and proper lookout;

d.   Failure to stop for vehicles in the road;

e.   Failed to give full time and entire attention to the operation of a motor vehicle in violation of § 66-8-114(A) N.M.S.A.;

f.   Failed to use ordinary care in the operation of her vehicle, giving due regard to the traffic and road conditions in violation of § 66-8-114(B) N.M.S.A.;

g.   Followed Plaintiffs' vehicle more closely than was reasonable and prudent under the circumstances in violation of § 66-7-301(B)(1) N.M.S.A. (1978).

h.   Failure to avoid the collision with Plaintiff's vehicle; and

i.   Other acts of negligence to be determined through discovery.

**EXHIBIT A**

29.     As a direct and proximate result of the foregoing negligence, Plaintiff, JESUS MARTINEZ GOMEZ, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money.  The injuries to Plaintiff are permanent within a reasonable degree of medical probability and Plaintiff will continue to suffer the losses in the future.

30.     Said injuries sustained by Plaintiff required, and may continue to require, medical treatment and Plaintiff has incurred substantial medical bills.

## COUNT II
## VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT, MARKET EXPRESS, LLC

31.     Plaintiff, JESUS MARTINEZ GOMEZ, hereby readopts, realleges and incorporates the allegations set forth in paragraphs one (1) through twenty-three (23) of the Complaint as if fully set forth herein.

32.     On or about November 5, 2020, and at all times material hereto, the subject tractor trailer was being used by Defendant, DONALD BLAKELEY, while engaging in the freight business, at the direction of MARKET EXPRESS, LLC, on behalf of Defendant, MARKET EXPRESS, LLC, and under the motor carrier authority granted to Defendant, MARKET EXPRESS, LLC, by the Federal Motor Carrier Safety Administration.

33.     As a professional truck driver, DONALD BLAKELEY, owed a duty to exercise the highest degree of skill and care which may reasonably be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended.

**EXHIBIT A**

34.     At all times material hereto, Defendant, MARKET EXPRESS, LLC, owed a duty to exercise reasonable care in the operation and/or use of the subject tractor trailer for the benefit of other individuals on public roadways.

35.     At all times material hereto, Defendant, MARKET EXPRESS, LLC, breached its duty of care to other individuals on the above-described public roadway, and in particular to Plaintiff, as it was negligent and careless in the operation, and/or maintenance, and/or use of the subject tractor trailer and through the actions and omissions of its employee, agent, or apparent agent, DONALD BLAKELEY, as detailed above.

36.     Defendant, MARKET EXPRESS, LLC, was negligent, directly and/or through the conduct of Defendant, DONALD BLAKELEY.

37.     Defendant, MARKET EXPRESS, LLC, is directly and vicariously liable for Plaintiff's injuries pursuant to the doctrine of *Respondeat Superior.*

38.     As a direct, foreseeable, and proximate result of Defendant's, MARKET EXPRESS, LLC negligence, Plaintiff, JESUS MARTINEZ GOMEZ, suffered bodily injury and resulting pain and suffering, impairment, disability, physical impairment, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of disease or physical defect, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The injuries to the Plaintiff are permanent within a reasonable degree of medical probability and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, JESUS MARTINEZ GOMEZ, prays that this Court find for her and against Defendants, DONALD BLAKELEY and MARKET EXPRESS, LLC, and enter Judgment in favor of Plaintiff for the following relief:

**EXHIBIT A**

A.    Damages in an amount sufficient to compensate Plaintiff for past medical losses and for physical and mental pain and suffering;

B.    Damages in an amount that will compensate Plaintiff for future losses, including incidental and consequential damages;

C.    Plaintiffs' costs incurred in this action;

D.    Pre-judgment and post-judgment interest at the statutory rate per annum or as the trial court may, in its discretion, award; and

E.    For such other and further relief as this Court deems just and reasonable.


Respectfully submitted,

**NORDEN LEACOX, PLLC**

*/s/Nicholas A. Norden, Esq.*
_____
Nicholas A. Norden, Esq.
Attorney for Plaintiff
964 Lake Baldwin Lane, Suite 200
Orlando FL 32814
Telephone (407) 801-3000
Facsimile (407) 612-7603
nicholasefiling@nordenleacox.com-efiling
nnorden@nordenleacox.com


**EXHIBIT A**

# R. gister of Actions
## Case No. D-1333-CV-2022-00090

| Jesus Martinez Gomez v. Donald Blakeley, et. al. | § § § § § § § | | Case Type: | **Tort Auto** |
|---|---|---|---|---|
| | | | Date Filed: | **05/18/2022** |
| | | | Location: | |
| | | | Judicial Officer: | **Villalobos, Amanda Sanchez** |

### Party Information

| | | | Attorneys |
|---|---|---|---|
| Defendant | **Blakeley, Donald**<br>231 W. Horizon Ridge Pkwy<br>Apt 5<br>Henderson, NV 89012 | Male | |
| Defendant | **Market Express LLC**<br>10400 N. Vancouver Way<br>Portland, OR 97217 | | |
| Plaintiff | **Martinez Gomez, Jesus**<br>3936 S. Semoran Blvd.<br>Ste. 434<br>Orlando, FL 32822 | Male<br>DOB: 02/04/1968 | **Nicholas Norden**<br>*Retained*<br>407-801-3000(W) |

### Events ☐ Orders of the Court

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 05/18/2022 | **ARB: CERT NOT SUBJECT**<br>*Certificate Regarding Arbitration Under Rule 603* | | | |
| 05/18/2022 | **JURY DEMAND 6 PERSON** | | | |
| 05/18/2022 | **OPN: PETITION**<br>*Complaint for Negligence, and Personal Injuries* | | | |
| 05/19/2022 | **Cause Of Actions**<br>Action Type | Miscellaneous<br>Action | | |
| 05/23/2022 | **Summons**<br>  Market Express LLC | | Served<br>Response Due | 06/14/2022<br>07/14/2022 |
| 05/23/2022 | **Summons**<br>  Blakeley, Donald | | Unserved | |
| 05/23/2022 | **CERTIFICATE OF SERVICE**<br>*Discovery* | | | |
| 05/23/2022 | **CERTIFICATE OF SERVICE**<br>*Discovery* | | | |
| 06/17/2022 | **AFFIDAVIT OF SERVICE**<br>*served June 14, 2022* | | | |

### Financial Information

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Martinez Gomez, Jesus | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 07/14/2022** | | | **0.00** |
| 05/19/2022 | Transaction Assessment | | | 282.00 |
| 05/19/2022 | File & Serve Payment | Receipt # GRAD-2022-365 | Martinez Gomez, Jesus | (282.00) |

**EXHIBIT B**

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

       Plaintiff,

v.                            Case No. D-1333-CV-2022-00090

DONALD BLAKELEY and
MARKET EXPRESS, LLC,

       Defendants.

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

       Defendants hereby notify the Court that on July 14, 2022, they filed a Notice of Removal

of the above captioned matter in the United States District Court for the District of New Mexico.  A

copy of the Notice of Removal is attached as *Exhibit A*.  Accordingly, and pursuant to 28 U.S.C. §

1446(d), this Court may proceed no further unless and until the case is remanded.

                         Respectfully Submitted,

                         BUTT THORNTON & BAEHR PC

                         */s/ Monica R. Garcia*
                         Monica R. Garcia
                         P.O. Box 3170
                         Albuquerque, New Mexico 87190
                         Telephone: (505) 884-0777
                         Facsimile: (505) 889-8870
                         mrgarcia@btblaw.com
                         *Attorneys for Defendants*
                         *Donald Blakeley and Market Express, LLC*

**EXHIBIT C**

I HEREBY CERTIFY that on the 14th day of
July 2022, I filed the foregoing electronically
through the electronic filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

Nicholas A. Norden – nnorden@nordenleacox.com
*Attorneys for Plaintiff*


*/s/ Monica R. Garcia*
Monica R. Garcia

**EXHIBIT C**

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
6/17/2022 11:58 AM
Toinette Garcia
CLERK OF THE COURT
Marlene S Villasana

## AFFIDAVIT OF SERVICE

State of New Mexico                    County of Cibola                    Thirteenth Judicial District Court

Case Number: D-1333-CV-2022-00090

Plaintiff:
JESUS MARTINEZ GOMEZ
vs.
Defendant:
DONALD BLAKELEY AND MARKET EXPRESS, LLC

For: Nicholas Norden
     Norden Leacox, PLLC

Received these papers on the 27th day of May, 2022 at 2:13 pm to be served on Market Express, LLC, 10400 N Vancouver Way, Portland, OR 97217. I, __Wayne Savage__, being duly sworn, depose and say that on the __14th__ day of __June__, 2022 at __12__ __07__ p.m., executed service by delivering a true copy of the Summons, Complaint For Negligence, and Personal Injuries, Jury Demand, Certificate Of Service, Request For Admissions To Defendant, Market Express LLC, Plaintiff's First Set Of Interrogatories To Defendant Market Express LLC, Plaintiff's First Request For Production To Defendant Market Esprexx, LLC in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____
of the within-named agency

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(X) CORPORATE SERVICE: By serving __Mike Olson__ as _____
__Vice President and Recruiting & Safety__

( ) OTHER SERVICE: As described in the Comments below by serving _____
as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

Age __55__   Sex Ⓜ F   Race __Caucasian__ Height __6'2"__   Weight __220 lbs__  Hair __Brown__   Glasses Y Ⓝ

## AFFIDAVIT OF SERVICE For D-1333-CV-2022-00090

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and sworn to before me on the
15th day of June 2022 by the affiant
who is personally known to me

OFFICIAL STAMP
JESSICA MARIE NUSOM
NOTARY PUBLIC - OREGON
COMMISSION NO. 998918
MY COMMISSION EXPIRES APRIL 09, 2024

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Our Job Serial Number: 2022003323
Ref: 10429924

Copyright © 1992-2022 Database Services, Inc. - Process Servers Toolbox V8.1m

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
5/18/2022 6:03 PM
Toinette Garcia
CLERK OF THE COURT
Cindy J Edwards

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

vs.                                            No.        D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

     Defendants.

_____/

## CERTIFICATION REGARDING ARBITRATION UNDER RULE 603

     COMES NOW NICHOLAS A. NORDEN, ESQ. from NORDEN LEACOX, PLLC, attorney for

the Plaintiff, JESUS MARTINEZ GOMEZ, and certifies as follows:

____ This case is subject to referral to arbitration under Local Rule 603.  No party seeks relief other than

     a monetary judgment and no party seeks an award in excess of Twenty-Five Thousand Dollars

     ($25,000.00), inclusive of punitive damages and exclusive of interest, costs and attorney's fees.

__x__ This case is not subject to referral to arbitration under Local Rule 603 because at least one party

     seeks relief other than a money judgment and/or at least one party seeks an award in excess of

     Twenty-Five Thousand Dollars ($25,000.00), inclusive of punitive damages and exclusive of

     interest, costs and attorney's fees.

               Respectfully submitted,

               NORDEN LEACOX, PLLC

               */s/ Nicholas A. Norden*

               _____
               Nicholas A. Norden, Esq.
               Attorney for Plaintiff
               964 Lake Baldwin Lane, Suite 200
               Orlando, FL 32814
               Telephone (407) 801-3000
               Facsimile (407) 612-7603
               nicholasefiling@nordenleacox.com-efiling

nnorden@nordenleacox.com

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
5/18/2022 6:03 PM
Toinette Garcia
CLERK OF THE COURT
Cindy J Edwards

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

vs.                       No.     D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

     Defendants.

_____/

## JURY DEMAND

COMES NOW the Plaintiff, JESUS MARTINEZ GOMEZ, by and through his attorneys

of record NORDEN LEACOX, PLLC (Nicholas A. Norden, Esquire), and hereby demands a trial

by a jury of six (6) persons in the above-entitled and numbered cause of action.

                  Respectfully submitted,

                  NORDEN LEACOX, PLLC

                  /s/ Nicholas A. Norden, Esquire
                  Nicholas A. Norden, Esquire
                  Attorney for Plaintiff
                  964 Lake Baldwin Lane, Suite 200
                  Orlando, FL 32814
                  Telephone (407) 801-3000
                  Facsimile (407) 612-7603
                  nicholasefiling@nordenleacox.com-efiling
                  nnorden@nordenleacox.com

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
5/23/2022 10:38 AM
Toinette Garcia
CLERK OF THE COURT

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

                                    No.D-1333-CV-2022-00090

vs.

DONALD BLAKELEY and MARKET EXPRESS, LLC.,

     Defendants.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2022, Plaintiff Jesus Martinez Gomez serves

Defendant Market Express, LLC. one original and a copy of Plaintiff's First Set of Interrogatories,

Request for Admissions, and Request for Production were electronically served and via service of

process pursuant to the Rules of Civil Procedure to:

Market Express, LLC.
10400 N. Vancouver Way
Portland, OR 97217

                           Respectfully submitted,

                           */s/ Nicholas A. Norden, Esquire*

                           _____

                           Nicholas A. Norden, Esquire
                           NORDEN LEACOX, PLLC
                           964 Lake Baldwin Lane., Suite 200
                           Orlando, FL 32814
                           Telephone (407) 801-3000
                           Facsimile (407) 612-7603
                           slewis@nordenleacox.com

FILED
13th JUDICIAL DISTRICT COURT
Cibola County
5/23/2022 10:38 AM
Toinette Garcia
CLERK OF THE COURT

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

    Plaintiff,

                                    No. D-1333-CV-2022-00090

vs.

DONALD BLAKELEY and MARKET EXPRESS, LLC.,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2022, Plaintiff Jesus Martinez Gomez serves Defendant Donald Blakeley one original and a copy of Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Production were electronically served and via service of process pursuant to the Rules of Civil Procedure to:

Donald Blakeley
231 W. Horizon Ridge Pkwy Apt 5
Henderson, NV 89012

                        Respectfully submitted,

                        */s/ Nicholas A. Norden, Esquire*

                        _____
                        Nicholas A. Norden, Esquire
                        NORDEN LEACOX, PLLC
                        964 Lake Baldwin Lane., Suite 200
                        Orlando, FL 32814
                        Telephone (407) 801-3000
                        Facsimile (407) 612-7603
                        slewis@nordenleacox.com

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

      Plaintiff,

vs.                                No. D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

      Defendants.
_____/

## REQUEST FOR ADMISSIONS TO DEFENDANT, DONALD BLAKELEY

      COMES NOW, Plaintiff, JESUS MARTINEZ GOMEZ, by and through the undersigned attorney, hereby files this Request for Admissions directed to Defendant, DONALD BLAKELEY, to admit the following:

1. On 11/05/2020, Plaintiff, JESUS MARTINEZ GOMEZ, was involved in an automobile accident with Defendant, DONALD BLAKELEY.

2. At the time and date of the accident, MARKET EXPRESS, LLC was the owner of the tractor trailer that collided with Plaintiff's vehicle.

3. At the time of the accident, MARKET EXPRESS, LLC  was the owner of the trailer that you were pulling.

4. At the time of the accident, you were driving the tractor trailer as alleged in the Complaint.

5. At the time of the accident, you did negligently operate or maintain the tractor trailer so that it collided with the Plaintiff's motor vehicle.

6. Other than the vehicles described in the Complaint, no other vehicles were involved in the accident.

7. Service of process on you has been validly made in this case.

8. The Plaintiff sustained injuires as a result of the subject automobile accident at issue in this case.

9.      The medical treatment that the Plaintiff received following the subject accident was medically necessary.

10.     The medical treatment that the Plaintiff received as a result of the subject accident was related to the accident.

11.     The medical expenses Plaintiff incurred as a result of the subject accident were reasonable.

12.     The injuries Plaintiff sustained as a result of the subject accident are permanent injuries.

13.     Plaintiff lost wages as a result of the accident.

14.     Shortly before the time of the accident, you averted your eyes from the road to look at a cellular phone.

15.     At the time of the accident, you were sending a text message on a cellular phone.

16.     At the time of the accident, you were using the internet on a cellular phone.

17.     At the time of the accident, you were talking on a cellular phone.

18.     At the time of the accident, you had averted your eyes from the road to look at a GPS device.

19.     Shortly before the time of the accident you averted your eyes from the road to look at a GPS device.

20.     You were not looking at the road when you collided with Plaintiff.

21.     At the time and date of the accident, you were engaged in a mission or activity for another person or entity, including any employer.

22.     At the time and date of the accident, you were under the influence of alcohol.

23.     At the time and date of the accident, you were under the influence of an illegal substance.

24.     At the time and date of the accident, you were driving over the posted speed limit.

Respectfully submitted,

**NORDEN LEACOX, PLLC**

*/s/Nicholas A. Norden, Esq.*

_____
Nicholas A. Norden, Esq.
Attorney for Plaintiff
964 Lake Baldwin Lane, Suite 200

Orlando FL 32814
Telephone (407) 801-3000
Facsimile (407) 612-7603
nicholasefiling@nordenleacox.com-efiling
nnorden@nordenleacox.com

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

vs.                                                                       No. D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

     Defendants.

_____/

## <u>NOTICE OF SERVICE OF INTERROGATORIES TO DONALD BLAKELEY</u>

COMES NOW, Plaintiff, JESUS MARTINEZ GOMEZ, by and through the undersigned attorneys, NORDEN LEACOX, PLLC (Nicholas A. Norden, Esq.), and propounds the following Interrogatories to Defendant, BETH MOHR, to be answered in writing and under oath within forty-five (45) days of service, pursuant to Rule 1-033 of the New Mexico Rules of Civil Procedure.

## <u>DEFINITIONS AND INSTRUCTIONS</u><br><u>APPLICABLE TO ALL INTERROGATORIES</u>

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

A.    The term "collision" means the collision of November 5, 2020, which is the subject matter of Plaintiff's Complaint for Damages filed in the above-entitled and numbered cause.

B.    The word "person" means any individual, firm, partnership, corporation, association, organization, or any business enterprise.

C.    The word "document" means and includes anything within the meaning and scope of Rules 1-034 and 1-026 of the New Mexico Rules of Civil Procedure and includes but is not

limited to  the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, computer record of any type, memorandum, telegram, report, study, drawing, handwritten note, working paper, chart, graph, index, video, tape, recording(s), data sheet or data processing card, or any other written, recorded, punched, transcribed, filmed or graphic matter, however produced or reproduced in the possession and or control of this Defendant, his/her/its officers, directors,  agents, accountants or attorneys or known to exist, including that in the control and or possession of any other defendant in this action.

       D.     The word "including" shall not limit a general request to any example which follows.

       E.     "Knowledge" means all information or belief in your possession, or in the possession of your representatives and includes such information as you may reasonably acquire through due diligence.

       F.     The word "identify"

       (1)     when used with reference to an individual person, means to state the person's full name, position and business affiliation, last known residence and business address and home and work phone numbers;

       (2)     when used with reference to a firm, partnership, corporation, association, organization, or any business enterprise, means to state its full name and current or last known address;

       (3)     when used with reference to a writing, means (a) to state its date, author, addressee, recipient and type (e.g., book record, letter, memorandum, etc.), or a substantially equivalent means of identifying it; and (b) to state the substance thereof or to annex to and incorporate in the answers to these Interrogatories a true and correct copy;

(4)     when used with reference to a discussion, meeting, transaction, or event means (a) to describe fully, with particularity and in detail the transaction or event; (b) to identify the date and location of, all participants in, and each and every communication or action comprising all or part of the event; (c) to identify each statement uttered by each participant; and (d) to identify each and every document which is either a part of the transaction or event or which reflects the transaction or the event's occurrence; and

(5)     when used with reference to a communication, statement, or representation means to (a) identify the person(s) who uttered the communication, statement, or representation, and to whom it was made; (b) state when and where it was made; (c) state whether it was written or oral; (d) identify all persons present when the statement was uttered or published; (e) identify any documents relating to it; and (f) state the substance of it.

G.     As used herein, the word "or" appearing in an Interrogatory should not be read so as to eliminate any part of the Interrogatory, but, whenever applicable, it should have the same meaning as the word "and."  For example, an Interrogatory stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

H.     The term "Plaintiff" means the Plaintiff in this case and any and all of her representatives.

I.     The term "you" or "your" means the party to whom these interrogatories are addressed.

## MODE AND DETAIL OF ANSWERS

In answering each Interrogatory:

J.      Identify each writing (1) relied upon in the preparation of each answer, or (2) which forms all or part of the basis for the answer, or (3) which corroborates or contradicts the answer, or (4) the substance of which forms all or part of the Answer.

K.      If all of the information furnished in answer to all or any part of an Interrogatory is not within the personal knowledge of the person executing the answers, state the name of each person to whom all or any part of the information furnished is a matter of personal knowledge, and the name of each person who communicated to the affiant any part of the information furnished.

L.      If the Answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing when and as required by law.

M.      If any Answer is refused, in whole or in part, on the basis of a claim of privilege, state with respect thereto the nature of the privilege, the general nature of the matter withheld (e.g., substance of a conversation, contents of a memorandum, etc.), the date or origination of the withheld information, the name of the originator, and the names of the persons to whom the information has been imparted.

N.      When an Interrogatory requires you to "state the basis of" a particular claim, contention, allegation, or defense, state each and every fact, opinion, or legal theory that you think supports, refers to, or evidences such claim, contention, allegation, or defense.

O.      You must supplement, by reasonable amendment, any answer you give to any Interrogatory propounded hereunder to include information hereafter acquired if, upon the basis of such information, Defendant knows the answer was incorrect when made, or even though correct when made is no longer correct.

P.      If your Answer to an Interrogatory is to the effect that the information may be derived from business records, identify the records referred to for that specific question and indicate whether those documents will or will not be produced for inspection and copying pursuant to the Requests for Production served contemporaneously herewith.

Q.      Destruction of documents: For each document(s) which is requested herein but which has been destroyed at any time prior or subsequent to the date of this request, identify the document (general nature and substance and date or approximate time period), and set forth the following information:

1.      The identity of the person(s) who destroyed the document.

2.      The identity of the person(s) who instructed that the documents be destroyed;

3.      The date the document was destroyed; and,

4.      The reasons for the destruction of the document.

R.      Removal of Documents: For each document which is requested herein but which has been removed from your possession, custody, or control at any time prior or subsequent to the date of this request, identify the document (general nature and substance and date or approximate time period), and set forth the following information:

1.      The identity of the person(s) who removed the document;

2.      The identity of the person(s) who instructed that the document be removed;

3.      The date the document was removed;

4.      The reasons for the removal of the document;

5.      The location or place where the document was removed; and,

6.      The person to whom custody or possession of the document was given.

S.      You are hereby notified that at the commencement of the trial of this case, Plaintiff will ask the Court for an order precluding you from introducing any evidence relating to the subject matter of these Interrogatories which has not been disclosed by your Answers hereto.

T.      Your Answers to Interrogatories are continuing pursuant to Rule 1-026 of the New Mexico Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Please state:

a.        Your full name;

b.        Your full residence address;

c.        Your date of birth;

d.        Your place of birth;

e.        Your social security number;

f.        Your current business address.

**Answer:**

**INTERROGATORY NO. 2:**   List the names and addresses of all persons believed or known by you, your agents or attorneys, to have any knowledge concerning the accident or any of the issues raised by the pleadings and specify the subject matter about which such person has knowledge.

**Answer:**

**INTERROGATORY NO. 3:**   Please state the date of all written or oral statements or reports which you have given in this matter, the substance and contents of said statements or

reports, and the name and address of the person having custody or control of all said statements or reports.

**Answer:**

**INTERROGATORY NO. 4:**  Did you take, or do you have knowledge of any person who took any written or oral statements from any witnesses, the Plaintiff, or the investigating officer(s)? If so, please state the substance of the statements taken, the name and address of the person who took such statements and the date each statement was taken.

**Answer:**

**INTERROGATORY NO. 5:**   Had you consumed any alcoholic beverages or taken any medication, prescription or non-prescription, or other narcotic or illegal drugs within the twenty-four hour period preceding the accident?  If so, please state:

(a)     What was consumed and in what dose;

(b)     When it was consumed;

(c)     Where it was consumed;

(d)      If a prescription drug, the name of the doctor prescribing it, and medical condition for which prescribed, the dosage prescribed and the dosage actually taken.

**Answer:**

**INTERROGATORY NO. 6:**   Please state the name and address of the owner or owners of the vehicle you were operating at the time of the accident involved herein.  If you were not the owner of the vehicle, please state whether you were operating said vehicle with the express or implied consent, permission and/or knowledge of the owner of said vehicle; by what other right or circumstances you were in possession of the vehicle at the time of the accident; whether said vehicle was being used for or in the course of business; and whether you were acting within the course and scope of employment at the time of the accident.

**Answer:**

**INTERROGATORY NO. 7:**   Please state whether you had a valid driver's license at the time of the accident and identify the state in which said license was issued; the driver license number; the date of issuance and expiration of said license; any and all restrictions on said license; and any citations issued in the past five (5) years.

**Answer:**

**INTERROGATORY NO. 8:**     At the time of the accident referred to in Plaintiff's Complaint:

(a)      Where you were coming from;

(b)      Where you were going;

(c)      Whether you were under any time constraints;

(d)      Prior to the accident, what your plans were for the rest of the day;

(e)      Please provide the names and addresses of any other passengers in the vehicle with you at the time of the accident and specify where they were seated;

(f)      Whether you were listening to any music or any audio tape or radio program at the time of the accident;

(g)      Whether you have a cellular phone in your vehicle, and whether you were using it at the time of the accident; and

(h)      Describe your activities for the five minutes prior to the accident.

**Answer:**

**INTERROGATORY NO. 9:**   Please state in detail how the accident happened as you saw and heard it.  If you did not see it all, describe what you did see and hear.  Please include in your answer, the speed of your vehicle, the location of your vehicle; the weather conditions; whether you attempted to brake your vehicle prior to the collision; whether you attempted in any

manner to stop the forward motion of your vehicle; where you vehicle came to stop; and your actions immediately following the collision.

**Answer:**

**INTERROGATORY NO. 10:**   Have you ever been in any motor vehicle accident, whether or not resulting in injuries or damages to any person or property during the ten (10) years before the occurrence alleged in this case, or any accidents since the occurrence alleged in this case?  If so, list:

> (a)    The date(s);
>
> (b)    Place(s) of occurrence;
>
> (c)    Circumstances of each accident;
>
> (d)    Whether or not you or any other persons were injured; and
>
> (e)    The nature of the injuries.

**Answer:**

**INTERROGATORY NO. 11:**  Have you ever had a driver's license revoked or suspended by any authority?  If so, please explain in detail.

**Answer:**

**INTERROGATORY NO. 12:**   Please state whether you or your attorneys have retained any expert witnesses regarding the facts and circumstances of the accident.  If so, please identify the names and addresses of any and all such experts; the exact nature of each individual's expertise; all photographs, drawings, sketches, charts, and/or physical evidence supplied to each such expert; and provide a brief summary of the facts and opinions to which each expert is expected to testify with the grounds for each opinion.

**Answer:**

**INTERROGATORY NO. 13:**   If you intend to call any lay witnesses at trial of this case, please state their name, address, telephone number, and the expected substance of their testimony.

**Answer:**

**INTERROGATORY NO. 14:**   If you are required to, were you wearing eyeglasses or other corrective lenses at the time of the accident?  If you were not wearing your eyeglasses or other corrective lenses, please explain in full detail why you were not.

**Answer:**

**INTERROGATORY NO. 15:**   Please state the name, address and telephone number of the insurance company that provides coverage for this claim and the policy limits of the policy covering this claim.

**Answer:**

**INTERROGATORY NO. 16:**   As to any and all defenses or allegations raised in your Answer to Plaintiff's Complaint, please state any and all facts or contentions you will use to support this defense or allegation, and please identify the party, and any witnesses, whether expert or otherwise you intend to call to support such claim.

**Answer:**

**INTERROGATORY NO. 17:**   For each person who investigated the cause and circumstances of the accident on your behalf, provide the full name, including any other names by which this person may be known, the full address, including street address and post office box, if

applicable, the relationship to the you and the occupation and place of business, including the name, address and telephone number, including area code.

  **Answer:**

  **INTERROGATORY NO. 18:** If a report was made by you, your agent or representative, with respect to the accident, state the name and address of the person making the report, date thereof, and in whose custody it is.

  **Answer:**

  **INTERROGATORY NO. 19:** Describe any traffic citation you received as a result of this accident by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place, and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

  **Answer:**

**INTERROGATORY NO. 20:**   If you contend that the Plaintiff or any other person acted in such a manner as to cause or contribute to the occurrence of this accident, please give a concise statement of the facts upon which you rely.

**Answer:**

**INTERROGATORY NO. 21:**   Please state the substance of all conversation you had with the Plaintiff, the investigating police officer(s), and with any witness to the collision referred to in Plaintiff's Complaint.

**Answer:**

**INTERROGATORY NO. 22:**   If you have ever been convicted of or pled guilty or no contest to a felony or crime involving dishonesty, please state  the offense involved, the date and place of each such conviction  or plea, the sentence imposed, and a brief description of the  incident giving rise to the criminal charges.

**Answer:**

**INTERROGATORY NO. 23:**   Please identify any cell phones in your name or possession on date of crash described in Complaint, including phone number, cell phone provider, and whose name the service was under.

    **Answer:**

**INTERROGATORY NO. 24:** Were you using a mobile phone in any manner, including talking, texting or surfing the web?

    **Answer:**

                    Respectfully submitted,

                    **NORDEN LEACOX, PLLC**

                    */s/Nicholas A. Norden, Esq.*
                    _____
                    Nicholas A. Norden, Esq.
                    Attorney for Plaintiff
                    964 Lake Baldwin Lane., Suite 200
                    Orlando, FL 32814
                    Telephone (407) 801-3000
                    Facsimile (407) 612-7603
                    nicholasefiling@nordenleacox.com-efiling
                    nnorden@nordenleacox.com

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT

JESUS MARTINEZ GOMEZ,

     Plaintiff,

vs.                                                              No. D-1333-CV-2022-00090

DONALD BLAKELEY and MARKET EXPRESS, LLC,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, DONALD BLAKELEY

COMES NOW the Plaintiff, JESUS MARTINEZ GOMEZ, by and through his attorneys, NORDEN LEACOX, PLLC (Nicholas A. Norden, Esq.), and propounds the following Requests for Production to Defendant, DONALD BLAKELEY, to be answered in writing and under oath within thirty (30) days of service, pursuant to Rule 1-034 of the New Mexico Rules of Civil Procedure.

Request is hereby made pursuant to Rule 1-034 of the New Mexico Rules of Civil Procedure that you attach copies hereto or produce and permit Plaintiff or her counsel to inspect and copy each and every document or item listed, relied upon or referred to in responding to the Requests for Production listed below. It is specifically requested that such documents or items be produced at the offices of NORDEN LEACOX, PLLC., 964 Lake Baldwin Lane, Suite 200, Orlando, Florida 32814, for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Requests for Production.

## INSTRUCTIONS

A.      The word "document" means and includes anything within the meaning and scope of Rules 1-034 and 1-026 of the New Mexico Rules of Civil Procedure and includes but is not limited to  the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, computer record of any type, memorandum, telegram, report, study, drawing, handwritten note, working paper, chart, graph, index, video, tape, recording(s), data sheet or data processing card, or any other written, recorded, punched, transcribed, filmed or graphic matter, however produced or reproduced in the possession and or control of these Defendant, its officers, directors,  agents, accountants or attorneys or known to exist, including that in the control and or possession of any other defendant in this action.

B.      If any Answer to a Request for Production is refused, in whole or in part, on the basis of a claim of privilege, state with respect thereto the nature of the privilege, the general nature of the matter withheld (e.g., substance of a conversation, contents of a memorandum, etc.), the date or origination of the withheld information, the name of the originator, and the names of the persons to whom the information has been imparted.

C.      These Requests for Production of Documents are deemed continuing in nature.  If you receive documents supplementing the documents requested herein or you receive documents which were not available to you for production in connection with your original Answer, you are requested to immediately forward those documents to counsel for Plaintiff.

D.      For each document(s) which is requested herein but which has been destroyed at any time prior or subsequent to the date of this request, identify the document (general nature and substance and date or approximate time period), and set forth the following information:

1.      The identity of the person(s) who destroyed the document.

2.      The identity of the person(s) who instructed that the documents be destroyed;

3.      The date the document was destroyed; and,

4.      The reasons for the destruction of the document.

E.      For each document which is requested herein but which has been removed from your possession, custody, or control at any time prior or subsequent to the date of this request, identify the document (general nature and substance and date or approximate time period), and set forth the following information:

1.      The identity of the person(s) who removed the document;

2.      The identity of the person(s) who instructed that the document be removed;

3.      The date the document was removed;

4.      The reasons for the removal of the document;

5.      The location or place where the document was removed; and,

6.      The person to whom custody or possession of the document was given.

F.      You are hereby notified that at the commencement of the trial of this case, Plaintiff will ask the Court for an order precluding you from introducing any evidence relating to the subject matter of these Requests for Production which has not been disclosed by your Answers hereto.

G.      Your Answers to Requests for Production are continuing pursuant to Rule 1-026 of the New Mexico Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NUMBER 1:** Please produce all written or recorded statements made by any witness or party, concerning any issue in this lawsuit.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 2:** Please produce copies of any statements made by Plaintiff pertaining to or concerning the subject accident, damages or any other matter related to this lawsuit.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 3:** Please produce copies of all pictures, motions pictures, movies, films, or photographic material of any kind concerning the scene, surrounding areas, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody, control of Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 4**. Please produce copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

> **Response:**

**REQUEST FOR PRODUCTION NUMBER 5**: Please produce a copy of any medical records of any sort in your possession or control which relate to Plaintiff.

> **Response:**

**REQUEST FOR PRODUCTION NUMBER 6:** Please produce all surveillance films, photographs, or graphic depictions of any sort which purport to show Plaintiff herein.

> **Response:**

**REQUEST FOR PRODUCTION NUMBER 7**: Please produce all photographs of Plaintiff depicting injuries received in the subject accident.

> **Response:**

**REQUEST FOR PRODUCTION NUMBER 8:** Please produce any and all documents relating to or discussing any statements made by the Defendant.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 9**: Please produce any and all documents relating to or discussing any statements made by Defendant.

**Response:**

**REQUEST FOR PRODUCTION NUMBER10:** Please produce any and all documents relating to or discussing any statements made by the Plaintiff.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 11:** Please produce a copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 12:** Please produce a copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 13:** Please produce a copy of Defendant's Social Security card and drivers' license, including any commercial drivers' license held by Defendant.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 14:** Please produce a copy of Defendant's driving record.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 15:** Please produce a copy the registration of the motor vehicle driven by Defendant at the time of the accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 16:** Please produce a copy of the title of the motor vehicle driven by Defendant at the time of the accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 17:** Please produce copies of all driving logs for fifteen (15) days prior to and fifteen (15) days subsequent to the date of the accident, inclusive of the date of the accident which forms the basis for this lawsuit.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 18:** Please produce a copy of any "Mary Carter Agreements" entered into by you or on your behalf with any other Defendant or person, firm, or corporation who you contend may be responsible for the subject accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 19:** Please produce a copy of any and all documents reflecting whether or not you received any compensation from your own insurance company or from any other insurance company as a result of the subject accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 20:** Please provide all correspondence to or from any company, individual or entity regarding the subject accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 21:** Please provide copies of all manuals, books, booklets, pamphlets, videos, computer programs, documents, or materials touching upon or in any way regarding all coursework, seminars, education, or training Defendant has received in driving trucks, driving safety, and regulations and laws governing truck driving. .

**Response:**

**REQUEST FOR PRODUCTION NUMBER 22:** Please provide copies of all work orders, invoices, or any other documents reflecting inspections, repairs, maintenance, or any other work performed on the truck at issue in this case for the year prior to this accident and for one month subsequent to this accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 23:** Please provide a copy of any damage appraisal made of the Defendant's motor vehicle.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 24:** Please provide any reservation of rights letter or other correspondence or documents sent to you by any insurers regarding your insurance coverage or any question concerning insurance coverage for the subject accident.

**Response:**

**REQUEST FOR PRODUCTION NUMBER 25:** Please provide a copy of any and all mobile, cellular and/or automobile telephone records including text messages phone calls and data usage, for any and all mobile, cellular and/or automobile telephones possessed by Defendant or in

Defendant's custody or control, on the date of the accident that is the subject of Plaintiff's complaint.

**Response:**

Respectfully submitted,

**NORDEN LEACOX, PLLC**

*/s/Nicholas A. Norden, Esq.*

_____
Nicholas A. Norden, Esq.
Attorney for Plaintiff
964 Lake Baldwin Lane., Suite 200
Orlando, FL 32814
Telephone (407) 801-3000
Facsimile (407) 612-7603
nicholasefiling@nordenleacox.com-efiling
nnorden@nordenleacox.com